UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Respondent. | Case No. 2:19-cv-01394-JVS-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On February 19, 2019, Petitioner Arthur Morales ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.) Petitioner sets forth two grounds for federal habeas relief: (1) the California courts erroneously denied Petitioner relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012), in violation of his right to equal protection, and (2) the California courts erred in finding that Petitioner's revocation of earned sentence-reducing credits complied with the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445, 454 (1985). (Id. at 6, 8.)

As discussed more fully below, the Court orders Petitioner to show cause why the Petitioner's first ground for relief should not be dismissed for (1) untimeliness, and (2) failure to state a claim. The Court further orders Petitioner

1

to show cause why his second ground for relief should not be dismissed for failure to state a claim.

I.

DISCUSSION

**A.      Untimeliness.**

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

   1.      **One-Year Statute of Limitations**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> 
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> **(C)** the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009).

### 2. Statutory Tolling

AEDPA provides for statutory tolling, as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002). Statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), cert. denied, 540 U.S. 924 (2003).

### 3. Equitable Tolling

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. In order to be entitled to equitable tolling, however, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2022), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended).

### 4. Ground One Appears Untimely.

In the Petition, Petitioner asserts that his date of judgment of conviction is March 12, 2014. (Dkt. 1 at 1.) Petitioner directly appealed, case no. B256124. Per the California Courts website, the California Court of Appeal affirmed Petitioner's conviction on January 29, 2015, and the case was closed on April 6, 2015. It does not appear that Petitioner filed a Petition for Review in the California Supreme Court.

Petitioner asserts that on January 28, 2018, he filed a motion for a sentence modification pursuant to Miller v. Alabama. (Id. at 30-33.) The motion was denied on February 26, 2018. (Id. at 44.) On April 20, 2018, Petition filed a habeas petition with the California Court of Appeal, case no. B289517, arguing that denial of relief pursuant to Miller v. Alabama violates his right to equal protection. (Id. at

24-25.) On April 27, 2018, the Court of Appeal denied the petition. (Id. at 21.) On June 29, 2018, Petitioner filed a habeas petition in the California Supreme Court, raising the same ground for relief. (Id. at 19-20.) The California Supreme Court denied the petition on October 31, 2018. (Id. at 17.)

Petitioner asserts that the claim is timely because it arises under "newly enacted state law related to U.S. Supreme Court decisions …." (Id. at 14.) To the extent Petitioner asserts entitlement to a newly recognized right under California law, his claim is not cognizable on federal habeas review.[1] Miller v. Alabama was decided in 2012, however, and predates Petitioner's 2014 conviction and sentencing. Therefore, Miller does not introduce a "newly recognized" constitutional right under 28 U.S.C. § 2244(d)(1)(C).

Assuming that Petitioner's limitations period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment would have become final in April 2015, at latest. See Rule 8.500(e), Cal. Rules of Court ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."). Petitioner did not pursue his Miller claim in the California courts until January 2018; thus, his one-year limitations period elapsed before any statutory tolling commenced. Absent a showing of equitable tolling, Petitioner's claim appears untimely under 28 U.S.C. § 2244(d)(1)(A).

---

[1] A federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors in the application of state law—as opposed to alleged violations of the United States constitution or federal law—are not properly raised through a federal habeas petition. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

5

**B.     Failure to State a Claim.**

   **1.     Ground One.**

In Miller v. Alabama, the United States Supreme Court held that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishments. 567 U.S. at 479. The Court found, "By making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence," mandatory life without parole "poses too great a risk of disproportionate punishment." Id. Although Miller did not foreclose a sentencing court's ability to impose life without parole on a juvenile homicide defendant, the Court explained that the sentence must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id.

Here, Miller appears inapplicable. Petitioner appears to have been twenty-six years old when sentenced, so he was not a juvenile. (Dkt. 1 at 34 [date of birth June 27, 1987].) Moreover, Petitioner asserts that he received a sentence of twelve years—not life without parole. (Id. at 1.) Therefore, Petitioner's first ground for relief does not appear to present any arguable basis for federal habeas relief.

To the extent Petitioner argues that Miller violates equal protection (in that Petitioner also should be entitled to youthful offender consideration (id. at 33)), this claim does not appear cognizable on federal habeas review. Under AEDPA, Petitioner is entitled to habeas relief only if the state court's decision on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Thus, to warrant federal habeas relief, Petitioner must cite a Supreme Court case that the California Court of Appeal acted contrary to or unreasonably applied. This

Court is aware of no such case, and <u>Miller</u> has not been found unconstitutional.

**2. Ground Two.**

Petitioner argues that the revocation of his earned sentence-reducing credits based on the finding that he constructively possessed the cell phone hidden in a lighting fixture in his cell, although his cellmate claimed ownership, violates the "some evidence" standard of <u>Superintendent v. Hill</u>. (<u>Id.</u> at 47-51.)

The United States Supreme Court in <u>Hill</u> held that "revocation of good time does not comport with 'the minimum requirements of procedural due process' ... unless the findings of the prison disciplinary board are support by some evidence in the record." <u>Hill</u>, 472 U.S. at 454 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974) (holding that federal due process requires procedural protections before a prisoner can be deprived of a state-created liberty interest in good time custody credits)). Even a single piece of evidence may be sufficient to meet the <u>Hill</u> standard, provided it has "sufficient indicia of reliability." <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

Courts have determined that a petitioner does not merit federal habeas relief when arguing that the doctrine of constructive possession does not satisfy <u>Hill</u>'s "some evidence" standard. <u>See</u>, <u>e.g.</u>, <u>Torres v. Langford</u>, 2017 WL 5900063, at *4 (C.D. Cal. Sept. 27, 2017) ("In the absence of direct evidence pointing to an inmate's guilt, the 'some evidence' standard of <u>Hill</u> may be satisfied by application of the constructive possession doctrine."); <u>Pettis v. Asuncion</u>, 2017 WL 927626, at *6-7 (C.D. Cal. Jan. 26, 2017) (on habeas, finding "some evidence" standard met where cell phone was found in petitioner's shared cell and his cellmate provided a declaration stating that petitioner did not know about the phone); <u>Sharpe v. Kernan</u>, 2018 WL 1258184, at *5 (S.D. Cal. Mar. 12, 2018) (on habeas, finding "some evidence" standard met based on constructive possession where weapon was found in a shared living space).

To the extent Petitioner asks this Court to find the constructive possession

doctrine "unconstitutionally vague" (Dkt. 1 at 1), Petitioner must cite clearly established Supreme Court law that the California courts either acted contrary to or unreasonably applied. 28 U.S.C. § 2254(d). Otherwise, Petitioner is not entitled to habeas relief.

## II.
## CONCLUSION

IT IS THEREFORE ORDERED that, **on or before April 11, 2019**, Petitioner show cause in writing why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness and failure to state a claim.

Petitioner may discharge this Order to Show Cause by submitting a brief arguing that (1) his first ground for relief is timely, (2) his first ground for relief states a claim upon which federal habeas relief can be granted, and/or (3) his second ground for relief states a claim upon which federal habeas relief can be granted.

DATED: March 12, 2019

*/s/ Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE